**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4812**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ADRIAN MARKEESE GAMBRELL-BOOKER, a/k/a AD,

              Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Mary G. Lewis, District Judge. (6:13-cr-00353-MGL-4)

---

Submitted:  January 20, 2017     Decided:  February 24, 2017

---

Before MOTZ, KEENAN, and DIAZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

John M. Ervin, III, Darlington, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Markeese Gambrell-Booker pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Gambrell-Booker to 120 months' imprisonment, the statutory minimum sentence. In accordance with Anders v. California, 386 U.S. 738 (1967), Gambrell-Booker's counsel has filed a brief certifying there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Gambrell-Booker's guilty plea and whether his sentence is reasonable.

A criminal defendant must file a notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on November 26, 2013. Gambrell-Booker filed his notice of appeal, at the earliest, on October 20, 2014, the date appearing on his notice of appeal.[*]

---

[*] A pro se prisoner's notice of appeal is considered filed at the moment it is delivered to prison authorities for mailing
(Continued)

2

We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). But because Gambrell-Booker's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).

Because Gambrell-Booker failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).